IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK McNAIRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1166-P |
| | § | |
| WARDEN, FCI SEAGOVILLE | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Derrick McNairy, an inmate at FCI-Seagoville, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

Petitioner pled guilty to possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Punishment was assessed at 180 months confinement followed by supervised release for a period of five years. No appeal was taken. Instead, petitioner filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. That motion was denied. *United States v. McNairy*, 2001 WL 649684 (N.D. Tex. Jun. 8, 2001), *COA denied*, 2003 WL 21140058 (5th Cir. Apr. 23, 2003). The Fifth Circuit recently denied leave to file a successive section 2255 motion. *In re McNairy*, No. 05-10311 (5th Cir. Apr. 5, 2005).

Undeterred, petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2241. In two related grounds, petitioner contends that his sentence was enhanced by factors not alleged in the indictment or determined by a jury as required by *United States v. Booker*, ___ U.S. ___, 125 S.Ct.

738, 160 L.Ed.2d 621 (2005).[1]  Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition.  A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing.  *Id.* at 877-88.  However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001).  A petitioner must satisfy two factors to show inadequacy.  First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense."  *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Id.*

Although petitioner's *Booker* argument was foreclosed by Fifth Circuit precedent at the time of his trial and section 2255 motion, such a claim does not implicate his conviction for a substantive offense.  Moreover, *Booker* does not apply retroactively to cases on collateral review.  *Booker*, 125 S.Ct. 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d

---

[1] In *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution.  *Blakely*, 124 S.Ct. at 2538.  *Booker* extends that holding to invalidate the mandatory nature of the federal sentencing guidelines.  *Booker*, 125 S.Ct. at 755-56.

649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (citing cases) (holding that *Booker* is not applicable to cases already final). That petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *Jeffers*, 253 F.3d at 830; *see also Bell v. Joslin*, 2005 WL 1383161 at *1 (N.D. Tex. Jun. 8, 2005) (Kaplan, J.). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant can file another motion in district court. *Id.* §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 22, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE